### Doe Parrish v. The State.

#### No. 1440.   Decided October 16, 1912.

**1.—Malicious Mischief—Transcript—Practice on Appeal—Certiorari.**

Where the transcript made out was contested as incorrect by State's counsel, and the court, on its own motion, issued a writ of certiorari commanding the clerk of the court below to send up a correct transcript and it was found that the record was in such condition that the transcript could not be considered, the case must be affirmed, as the fault was due to appellant or his attorney.

**2.—Same—Transcript—Practice on Appeal.**

Where the clerk of the court below failed to obey the writ of certiorari commanding him to send up a correct transcript, and the court cited the attorneys of both parties and the county clerk to appear before his court to show why they should not be punished, and it appeared that parties had not been intentionally derelict, they were discharged with the cost of the proceeding, and the State's counsel who was not derelict was discharged without cost.

**3.—Same—Practice on Appeal—Transcript—Clerk of Court.**

No clerk of the court below should send up a transcript in any cause appealed from his court without personal knowledge that the same is a correct copy of the records in his office.

**4.—Same—Tampering with Transcript.**

While in this case no intentional wrong is found as to those who had anything to do with the preparation of the transcript, no fine will be imposed, but if it were found that any person had intentionally sent to this court an incorrect record for the purpose of securing either an affirmance or a reversal of the case, the court would assess such punishment against him as would in future deter persons from doing so.

**5.—Same—Practice in County Court—Transcript.**

Persons coming in contact with the record should realize the necessity that transcripts sent to this court must be free of suspicion, and clerks in comparing the copies with the original files should see that the transcript is correct, and that if any papers bare any evidence which arouse suspicion, the matter should be called to the attention of the trial judge and the issue tried by him.

Appeal from the County Court of Shelby.   Tried below before the Hon. W. D. White.

Appeal from a conviction of malicious mischief; penalty, a fine of $10.

The opinion states the case.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—This case was tried on the 8th day of January, 1910, and a transcript was not filed in this court until the 28th day of August, 1911—more than a year and a half after the trial of the case in the court below.   When filed, the transcript did not contain any bills of exception, motion for a new trial or statement of facts. On the 27th day of October, 1911, appellant's counsel filed a motion

reqesting that a writ of certiorari issue to perfect the record, alleging that there had been filed in the court below bills of exception, a statement of facts and motion for new trial within the time prescribed by law. This court ordered the writ to issue, and on the 7th day of December, 1911, in answer to said writ the county clerk of Shelby County filed an answer and supplemental transcript, containing motion for new trial, bills of exception and a statement of facts, certifying "that they were true and correct copies of the records on file in his office." Within a day or two State's counsel filed an affidavit of the county clerk of Shelby County, impeaching his certificate to the supplemental transcript, and on oath stating that no bills of exception, statement of facts or motion for new trial were on file in his office, and none had ever been on file since he took the oath of office as county clerk in November, 1910, and that he had certified to the papers forwarded to this court at the request of appellant's counsel; that same had been prepared by appellant's counsel, and he had certified to it at the request of counsel for appellant, when the facts were he had never seen any such papers.

The court on its own motion then issued a writ of certiorari to the county clerk on February 12, 1912, commanding him to send up a correct transcript, embracing only such papers as were on file in his office. The clerk failing to obey this writ, before the adjournment of the last term of this court, on the last day of the term, the court entered an order, citing the county clerk, attorneys for the State and defendant, and all persons who had filed affidavits in connection with this matter to appear before this court to show cause why they should not be punished for their conduct.

This matter was heard on last Wednesday, and it appearing by the testimony of all the witnesses that there is not now on file in the office of the county clerk of Shelby County any motion for new trial, bills of exception or statement of facts, and that none has ever come into the possession of Mr. Pinkston since he has been serving as county clerk (November, 1910), and that notwithstanding this matter has been pending for some time, no effort has been made to substitute such papers, if any ever were on file, the record is before us without such papers (at least in such condition we can not consider them), and, therefore, there remains nothing to do but affirm the case, as the court submitted to the jury the offense charged in the indictment, and they found him guilty.

We have used every effort to secure for this defendant a record that would enable us to intelligently pass on his case, but our efforts have been futile. We are not authorized to substitute papers, or consider papers not verified by the certificate of the county clerk, and while, perhaps, it may seem to appellant unjust that, without fault on his part, he is deprived of having his case heard on its merits by this court, yet under the evidence adduced on this hearing, the fault lies wholly with his attorney who, perhaps, while guilty of no intentional

wrong or neglect, yet himself places the blame on a stenographer in his employ.

As to the other feature of the case, we could say that the testimony in the case and the answer of Hon. W. I. Davis, county attorney at the time the case was tried, shows his conduct to be worthy of commendation. He has endeavored to have this case brought promptly before this court, and when an incorrect transcript was filed, containing a mutilated and incorrect statement of facts, he called the attention of the court to it, and such transcript is stricken from the record, and Mr. Davis is entitled and has the thanks of the court, and he is discharged without costs.

As to Mr. Zed Bridges, who was, after the trial of the case, employed in the defense of the case, the evidence .does not connect him in any way with any negligence or effort to impose on this court, and he is discharged without costs.

Mr. J. E. King, who was county clerk of Shelby County in 1910, and who has filed seemingly contradictory affidavits in the case, which he explains in his testimony before this court in a way entirely satisfactory to the court, but under whose administration of the office of county clerk the papers were lost, will be discharged upon paying the costs of issuing citation and service of same on him, as the conditions were at least brought about in part by his negligence.

Mr. A. L. Pinkston, the present county clerk, will also be discharged upon the payment of cost of issuance and service of citation on him. While the evidence would show that he has been guilty of no wilful wrongdoing, yet the record does show that he at one time did certify to this court an incorrect transcript. The conditions under which same was done are such that we show this leniency in this instance, but officers ought to feel and appreciate that upon the records sent us human liberty, sometimes life, and at all times the welfare of the State, is dependent, and the clerk of no court should send us a transcript in any case without personal knowledge that same is a correct copy of the records in his office.

The only remaining respondent is Mr. S. H. Sanders, who was attorney for appellant in the trial of this cause. Mr. King, the former county clerk, testifies positively that he delivered the papers in this case to Mr. Sanders, who agreed to prepare the transcript shortly after trial. He says a transcript was prepared, and since that time he has never seen the missing papers. Mr. Pinkston, the present county clerk, swears positively the papers have never been in the office since he took the oath of office. Mr. Sanders admits that Mr. King delivered him the papers, and says the incorrect transcript that was sent to this court was made up by his stenographer and he neglected to compare it with the original papers. That he does not now know where the bills of exception and motion for new trial are; that he has searched for them and they can not be found. Without attributing to Mr. Sanders any improper motive, yet, as it is prac-

tically shown that he was the procuring cause (and which he admits) of an incorrect transcript being certified to this court, and it was through his oversight or negligence that the original papers have been lost, we feel that he should be taxed with all costs incurred in this proceeding other than that taxed against Mr. King and Mr. Pinkston, and the clerk of this court will issue the proper process for the collection of such sums as have been assessed against each of the parties, upon the payment of which all will be discharged.

After a thorough review of the testimony, it does not convince us that any of the parties now before us has been guilty of any wilful wrongdoing, and we say this in justice to them, and in explanation of our course in discharging them. If the record justified and authorized us to find that any person had intentionally sent to this court an incorrect record for the purpose of securing either an affirmance or reversal of the case, we would assess such punishment as would in future deter men from so doing. We are sitting here, far removed from the trial of cases, depending wholly and entirely upon the transcript of the proceedings forwarded to us, certified to by the clerks of the various courts, and we can not and will not tolerate any tampering with the records. We hope that all officers and other persons coming in contact with the records will recognize and appreciate the necessity for these transcripts to be unimpeached and unimpeachable, and clerks before sending us the record will compare the copies with the originals on file, and if any papers bear any evidence which arouses suspicion, let that issue be tried by the trial judge before that paper is copied and sent to us.

The judgment is affirmed.

*Affirmed.*